THORNE, NEALE & CO., Inc. v. ATLANTIC GULF EXPORT CORPORATION.

ATLANTIC GULF EXPORT CORPORATION v. THORNE, NEALE & CO., Inc.

United States District Court
S. D. New York.
Dec. 2, 1949.

Samuel Mann, New York City, for plaintiff Thorne, Neale & Co.

Holthusen & Pinkham, New York City, for defendant Atlantic Gulf Export Corporation.

IRVING R. KAUFMAN, District Judge.

There are two motions before the Court:

(1) A motion by Thorne, Neale & Co., Inc., hereinafter known as the plaintiff, for summary judgment against Atlantic Gulf Export Corporation, hereinafter known as the defendant, in Civil Action No. 49-430.

(2) A motion by defendant to consolidate Civil Action No. 49-430 with Civil Action No. 50-556, an action brought by defendant against plaintiff for damages for breach of warranty.

The facts are as follows:

Plaintiff agreed to purchase nineteen cars of coal from defendant and this agreement was confirmed by invoices transmitted to the plaintiff by the defendant dated December 10, 1947. The coal was paid for by the plaintiff and defendant acknowledges receipt of payment. However, defendant only delivered ten cars of coal to the plaintiff, and resold the other nine cars. Two weeks later in another transaction plaintiff sold defendant some 18,000 tons of coal, which were shipped abroad and resold by defendant.

Plaintiff brought suit for the sum paid for the nine cars of coal which were not delivered. Defendant subsequently brought suit against the plaintiff for damages resulting from a breach of warranty in regard to the 18,000 tons of coal. Plaintiff now moves for summary judgment on its claim and defendant moves to consolidate the two actions.

In regard to plaintiff's cause of action, there is no genuine issue as to any material fact. At first defendant contended that the nineteen cars of coal were part of the 18,000 tons, but subsequently retracted that assertion. In its answer defendant offered but bare denials to the allegations in plaintiff's complaint. As to these denials, defendant has offered nothing to support them and has apparently withdrawn them in subsequent affidavits and admissions. Defendant also offered the defense of breach of warranty. However, the breach of warranty, claimed by defendant as a defense is that which is the subject matter of defendant's independent action and completely unrelated to the plaintiff's claim. Defendant in effect admits liability to plaintiff on plaintiff's cause of action; in any event, defendant offers nothing that controverts plaintiff's conclusive proof. It merely asks that its cause of action for breach of warranty on an entirely unrelated transaction and the subject matter of another suit be considered as a defense to plaintiff's cause of action. Defendant did not assert its claim for breach of warranty as a counterclaim in the action brought by plaintiff; it specifically refused to do so (See affidavit of defendant's attorney, p. 2) and preferred to bring its own suit later on for breach of warranty.

Mention is made by defendant in its affidavit opposing the motion for summary judgment that certain other "documentary evidence", which plaintiff admits having possession of but does not present, should be presented and considered and that the

trial is the proper time and place. However, the evidence which plaintiff has, and has offered to submit now or at any other time desired by the Court relates to defendant's contention that the nineteen cars of coal were originally purchased from the plaintiff. Whether defendant purchased the coal from the plaintiff or from someone else is immaterial, especially in view of the fact that no claim of defectiveness has been made as to this coal; therefore a trial on this issue is unnecessary and the alleged documentary evidence need not be presented.

Since there is no genuine issue as to any material fact relating to plaintiff's cause of action, plaintiff's motion for summary judgment must be granted. Accordingly, defendant's motion to consolidate the two actions must be denied. Wholly apart from any consideration with respect to the motion for summary judgment, the motion for consolidation would have to be denied. Rule 42(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that actions may be consolidated when they involve common questions of law or fact. There are no common questions in the two actions in question; they involve two completely separate transactions; only the parties are the same.

The decision of this Court is that:

(1) Motion by plaintiff, Thorne, Neale & Co., Inc. for summary judgment is hereby granted.

(2) Motion by defendant Atlantic Gulf Export Corporation to consolidate two actions is denied.